IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

UNION INSURANCE COMPANY                                                        PLAINTIFF

V.                                                          CIVIL ACTION NO. 1:18-CV-98-SA-DAS

EAST MAIN PACKAGE STORE, INC.,
JASON D. TACKETT, and
REGINA LYNN TACKETT                                                           DEFENDANTS

MEMORANDUM OPINION

Union Insurance Company filed its Complaint [1] on May 23, 2018, seeking a declaratory judgment against the Defendants on two issues: insurance coverage and entitlement to defense and indemnity under an insurance policy. This insurance dispute stems from a state court Dram Shop action filed by Jason Tackett and Regina Lynn Tackett against East Main Package Store, Inc. *See* Exhibit to Complaint [1-2]. Presently before the Court is Union's Motion for Judgment on the Pleadings [18]. No responses were filed, and the issues are ripe for review.

*Factual and Procedural Background*

Larry Mills entered East Main Package Store on January 2, 2015, to purchase alcohol. Allegedly, Mills was visibly intoxicated at the time he purchased the alcohol from the store employees. After making his purchase, Mills exited the store and remained outside by the entrance. Later, James Taylor arrived at the store driving a 2006 Hummer. Taylor left his vehicle running and unlocked while inside the store. Mills allegedly entered Taylor's vehicle and drove away from the liquor store. After driving for approximately one mile, Mills collided with a vehicle carrying Jason Tackett, Jackie Tackett, and their minor child. Members of the Tackett family sustained severe injuries in the crash.

The Tacketts filed a civil case in the Circuit Court of Lee County, Mississippi, against East Main Package Store, Inc., claiming that East Main Package Store violated state law when they sold alcohol to a visibly intoxicated person, Mills. *See* Cause No. CV2017-001428. That state court case gave rise to the dispute currently before this Court. In the state court case, East Main Package Store asked Union, its insurance policy holder, to provide legal defense and indemnity in that proceeding. Believing that East Main is not entitled to defense or indemnity, Union filed this Complaint for Declaratory Judgment [1] asking the Court to declare that the insurance policy does not cover the accident, and that Union does not have a duty to defend or indemnify East Main Package Store. East Main Package Store filed an Answer, Counter-Complaint against Union, and a Third-Party Complaint [12] against its insurance agent Renasant Insurance, Inc. In the Counter-Complaint [12], East Main Package Store claims that Union has, in bad faith and without justifiable cause, refused to defend and indemnify it. Further, the Third-Party Complaint [12] against Renasant Insurance claims that Renasant was entrusted with procuring comprehensive liability insurance coverage but was negligent by failing to do the same. East Main Package Company claims that Renasant's failures resulted in its exposure to liability in the state court case. Union filed a Motion for Judgment on the Pleadings [18] on March 4, 2019, requesting that the Court enter an order declaring that East Main Package Store is not entitled to coverage or indemnity. Neither of the Defendants filed a response.

*Standard of Review*

Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). "The central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008) (quoting *Hughes v. Tobacco Institute,*

*Inc.*, 278 F.3d 417, 420 (5th Cir. 2012)). To survive a motion for a judgment on the pleadings, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

*Analysis and Discussion*

The central question is whether the insurance policy covers the accident. Union argues that the policy is unambiguous on its face and excludes coverage for accidents involving alcohol. Union adds that as a result, East Main Package Store is not entitled to the defense and indemnity it requested.

"Insurance policies are contracts and they are to be enforced according to their provisions." *Corban v. United Services Auto. Ass'n*, 20 So. 3d 601, 609 (Miss. 2009) (citations omitted). When parties to a contract make mutual promises (barring some defense or condition which excuses performance), they are entitled to the benefit of their bargain. *Id*. To determine whether the Defendants are entitled to coverage, defense, and indemnity, the Court looks to the terms of the insurance policy. *See Facilities, Inc. v. Rogers-Usry Chevrolet, Inc.*, 908 So. 2d 107, 111 (Miss. 2005) (stating that "legal intent should first be sought in an objective reading of the words employed in the contract"); *citing Cooper v. Crabb,* 587 So. 2d 236, 241 (Miss. 1991). The substantive contract law of [Mississippi] includes the following concepts of interpretation:

> If a contract is clear and unambiguous, then it must be interpreted as written . . . . If a contract contains ambiguous or unclear language, then ambiguities must be resolved in favor of the non-drafting party. Ambiguities exist when a policy can be logically interpreted in two or more ways, where one logical interpretation provides for coverage. However, ambiguities do not exist simply because two

parties disagree over the interpretation of a policy. Exclusions and limitations on coverage are also construed in favor of the insured. Language in exclusionary clauses must be "clear and unmistakable," as those clauses are strictly interpreted.

*Corban*, 20 So. 3d at 609; citing *United States Fid. & Guar. Co. v. Martin,* 998 So. 2d 956, 963 (Miss. 2008). Thus, the Court looks to the explicit language of the insurance policy between East Main Package Store and Union Insurance Company.

    *i.*    *Interpretation of the Insurance Policy*

Coverage of general bodily injury and property damage liability falls under the "COMMERCIAL GENERAL LIABILITY COVERAGE FORM" section of the policy. It states as follows:

> **SECTION I – COVERAGES**
> **COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
>
> 1.    **Insuring Agreement**
>
>     a. **We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.**

Union submits that this portion of the contract would typically cover incidents which cause bodily injury or property damage to the insured.

According to Union, the accident exceeded the scope of this coverage because it fell within the exclusions clause of the contract. Union points to Section I subsection 2(c) of the policy which states:

> 2.  **Exclusions**
>
>     **This insurance does not apply to:**
>
>     . . .
>
>     **c. Liquor Liability**

4

> **"Bodily injury" or "property damage" for which any insured may be held liable by reason of:**
>
> **(1)    Causing or contributing to the intoxication of any person;**
> **(2)    The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or**
> **(3)    Any statute, ordinance or regulation relating to the sale, gift distribution or use of alcoholic beverage.**
>
> **This exclusion applies only if you are in the business of manufacturing, distributing, selling, serving or furnishing alcoholic beverages.**

The incident began at the insured's store and involved two of its patrons, Mills and Taylor, who purchased alcohol from store employees. The State Court Complaint [1], which gave rise to this action, alleges that the East Main Package Store employee sold liquor to a visibly intoxicated person who later caused an accident. Union argues that because the bodily injury resulted from an incident involving alcohol, the policy does not apply.

As noted above, "exclusions must be construed in favor of the insured and such language must be clear and unmistakable." *Martin*, 998 So. 2d at 963. Section I and Subsection 2(c) must be read together. *See J & W Foods Corp. v. State Farm Mut. Auto. Ins. Co.*, 723 So. 2d 550, 552 (Miss. 1998) (holding that "in interpreting an insurance policy, the Court should look at the policy as a whole, consider all relevant portions together and, whenever possible, give operative effect to every provision in order to reach a reasonable overall result."). After considering the policy as a whole, it is evident that the plain language of the policy clearly excludes coverage for bodily injuries resulting from the sale of alcohol.

Mississippi Courts have found similar liquor liability exclusion clauses unambiguous. The insurance policy in *South Carolina Insurance v. Keymon* had a nearly identical liquor liability exclusion clause. 974 So. 2d 226 (Miss. 2008). There the insurance policy stated that "this insurance does not apply to bodily injury or property damage for which any insured may be held liable by reason of causing or contributing to any intoxication of any persons the furnishing of

5

alcoholic beverages to a person . . . under the influence of alcohol." *Id* at 229. The Mississippi Supreme Court found that the "policy clearly and unequivocally excluded injuries caused by the sale of alcohol . . . ." *Id* at 231. *See also Western Heritage Ins. Co. v. River Entertainment*, 998 F.2d 311 (5th Cir. 1993) (finding a similar liquor liability exclusion clause unambiguous for the purposes of contract interpretation).

Considering these analogous cases, the Court finds that the explicit terms of the insurance policy in this case are similarly clear and unambiguous. For all of these reasons, the Court finds that there is no coverage under the policy for the accident.

    ii.    *Duty to Defend and Indemnify*

After the accident, East Main Package Store asked Union to defend and indemnify it against any claims arising from the accident. Union argues that because the terms of the policy exclude coverage for the accident, East Main Package Store is not entitled to defense or indemnity under the policy. The Fifth Circuit has held that if a District Court determines that there is no coverage under a policy, there can be no duty imposed to defend or indemnify the insured. *See Western Heritage Ins. Co. v. River Entertainment*, 998 F. 2d 311 (5th Cir. 1993) (finding that because the District Court correctly interpreted the liquor liability exclusion of the policy and found that it applied, there was no duty imposed to indemnify the insured). *See also Baker Donelson Bearman & Caldwell, P.C. v. Muirhead*, 920 So. 2d 440, 541 (Miss. 2006) (holding that "no duty to defend arises when the claims fall outside the policy's coverage."); *See also Farmland Mut. Ins. Co. v. Scruggs*, 886 So. 2d 714, 719 (Miss. 2004); *Sennett v. U.S. Fidelity & Guar. Co.*, 757 So. 2d 206, 212 (Miss. 2000); *Delta Pride Catfish, Inc. v. Home Ins. Co.*, 697 So. 2d 400, 403 (Miss. 1997); and *Moeller v. Am. Guar. & Liability Ins. Co.*, 707 So. 2d 1062, 1069 (Miss. 1996). Because the Court finds above that there is no coverage here under the policy the Court also holds

that Union has no duty to provide legal defense or indemnity to East Main Package Store under the policy.

## *Conclusion*

For all the reasons stated above, the Plaintiff's Motion for Judgment on the Pleadings [18] is GRANTED. East Main Package Store's Counterclaim and Third-Party Complaint is DISMISSED as moot.

SO ORDERED, this the 23rd day of September, 2019.

/s/ Sharion Aycock<br>
UNITED STATES DISTRICT JUDGE